UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN H. VOLOSHIN, VOLOSHIN CAPITAL, LLC and MONTVILLE PROPERTY HOLDINGS I, LLC,<br>　*plaintiffs*,<br><br>V.<br><br>JOEL S. GREENE,<br>　*Defendant*. | CIVIL ACTION NO.<br><br>_____<br><br><br><br><br><br>JUNE 19, 2006 |

## COMPLAINT

Plaintiffs John H. Voloshin, Voloshin Capital, LLC, and Montville Property Holdings, LLC, by their undersigned attorneys, complaining of Defendant Joel S. Greene, aver as follows:

### THE PARTIES

1)　Plaintiff John H. Voloshin is a resident of, and operates his business in, the State of Connecticut.

437899-v2

2)   Mr. Voloshin is the sole member of the Connecticut limited liability company Voloshin Capital, LLC ("Voloshin Capital"), which has a principal place of business in the State of Connecticut.

3)   Voloshin Capital, in turn, is the sole member of the Delaware limited liability company, Montville Property Holdings 1, LLC ("MP Holdings"), which has a principal place of business in the State of Connecticut.

4)   The defendant is domiciled in Massachusetts.

## JURISDICTION AND VENUE

5)   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1367(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

6)   Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to these claims occurred within the State of Connecticut.

## FIRST COUNT – INTERFERENCE WITH BUSINESS EXPECTATIONS

7)   The plaintiffs are, and the defendant claims to be, involved in real estate investment and development in and around Montville, Connecticut.

8) On diverse occasions during the year 2005, the parties contemplated forming a partnership or other legal entity to jointly pursue business interests.

9) To that end, the parties discussed the defendant's purchase of a membership interest in MP Holdings, an entity wholly owned and managed by plaintiff John Voloshin through Voloshin Capital.

10) No such arrangement was ever established due to, *inter alia*, the parties' inability to agree upon the terms and conditions of their respective interests in the proposed venture.

11) The defendant never purchased an interest in either MP Holdings or Voloshin Capital.

12) The parties worked with an attorney who drafted and redrafted an agreement, but a contract acceptable to both sides was never created. By September of 2005, the parties had already circulated and rejected multiple drafts of proposed membership agreements relating to MP Holdings. No further drafts were under consideration; no contract was ever executed. Plaintiffs, therefore, continued to pursue their interest in the development of Montville real estate independently of the defendant.

13) On or about September 12, 2005, the plaintiffs, through the vehicle of MP Holdings, undertook a joint venture with a Connecticut limited liability company,

Mohegan Hill Tarragon, LLC ("Mohegan Tarragon"), by together forming the Connecticut limited liability company Mohegan Hill Development, LLC ("Mohegan Hill").

14) The sole member of Mohegan Tarragon is the publicly traded real estate development corporation, Tarragon Corporation ("Tarragon"). Tarragon maintains a business address of 3100 Monticello Avenue, Suite 200, Dallas, Texas, and is traded under the NASDAQ symbol "TARR". Tarragon also has an office in New York City.

15) The defendant is not affiliated with either of the two members of Mohegan Hill or with any of the legal entities related to those two members. In fact, Tarragon's representatives have unequivocally expressed their unwillingness to enter into any business transactions that involve the defendant.

16) John Voloshin, Voloshin Capital, MP Holdings, and Mohegan Hill have no legal obligation to the defendant with regard to real estate investment and development in and around Montville. The defendant is not a partner in or member of any of the Voloshin business entities involved in the development of property in Montville.

17) Since the formation of Mohegan Hill, the defendant has repeatedly, knowingly and falsely claimed to be the business partner of John Voloshin and, therefore,

to have an equity, or some other type of vested, interest in the business dealings of Mohegan Hill.

18) The defendant has repeatedly contacted and harassed Mr. Voloshin by making unwarranted and baseless assertions of his claimed partnership interest in the Mohegan Hill venture. The defendant has gone so far as to make physical threats against Mr. Voloshin, in an effort to coerce the plaintiffs into granting the defendant an interest in Mohegan Hill, forcing Mr. Voloshin to contact the police out of concern for his own safety.

19) The defendant has repeatedly contacted and harassed the individual representatives Tarragon, Mohegan Tarragon, and/or Mohegan Hill regarding his claimed partnership interest in the Mohegan Hill venture.

20) The defendant has persisted in this course of conduct despite knowing that the plaintiffs have contractual and/or business relationships with the legal entities and individual representatives of Tarragon, Mohegan Tarragon, and Mohegan Hill.

21) The defendant has committed these acts with the intent of interfering with the aforementioned relationships and has done so without lawful justification.

22) The defendant's intentional and unjustified harassment of Mr. Voloshin and the other individuals involved in the Mohegan Hill venture has caused the plaintiffs actual injury.

23) Through this course of conduct, the defendant has tortuously interfered with the plaintiffs business and contractual expectations.

## SECOND COUNT – DEFAMATION

1-23) The plaintiffs hereby incorporate paragraphs 1 through 23 of the First Count as paragraphs 1 through 23 of this, the Second Count, as if fully set forth herein.

24) The defendant has knowingly, maliciously and falsely accused the plaintiffs of perpetrating a fraud against him. The defendant has also knowingly and falsely, and in communications to Tarragon representatives, accused plaintiff John Voloshin of dishonesty and false statement.

25) The defendant has made such statements of and concerning the plaintiffs to the individual representatives of Tarragon, Mohegan Tarragon, and Mohegan Hill.

26) Upon information and belief, the defendant has made similar statements to persons other than the individual representatives identified above.

27) Through this course of conduct, the defendant has defamed the plaintiffs.

## THIRD COUNT – TRADE DEFAMATION

1-27)   The plaintiffs hereby incorporate paragraphs 1 through 27 of the Second Count as paragraphs 1 through 27 of this, the Third Count, as if fully set forth herein.

28)   The defendant has knowingly and falsely attacked the credibility, integrity and reliability of the plaintiffs' business services by accusing the plaintiffs of perpetrating a fraud against him and by falsely asserting that the plaintiffs are squandering and destroying the real estate investment and development opportunities related to Mohegan Hill.

29)   The defendant has made such statements of and concerning the plaintiffs to the individual representatives of Tarragon, Mohegan Tarragon, and Mohegan Hill.

30)   Upon information and belief, the defendant has made similar statements to persons other than the individual representatives identified above.

31)   The defendant's statements have injured the reputation of the plaintiffs' businesses and the plaintiffs' business services.

32)   Through this course of conduct, the defendant has defamed the plaintiffs business and business services.

## FOURTH COUNT – BREACH OF CONTRACT

1-23)   The plaintiffs hereby incorporate paragraphs 1 through 23 of the Second Count as paragraphs 1 through 23 of this, the Third Count, as if fully set forth herein.

24)   In 2005, the defendant approached Plaintiff, John Voloshin and sought to borrow a substantial sum of money, approaching Ten Million Dollars ($10,000,000.00).

25)   When plaintiff John Voloshin questioned the defendant about his ability to provide collateral for such a large loan, the defendant represented that he held vast sums in international accounts and, therefore, had the financial ability to repay the requested loans.

26)   Plaintiff John Voloshin was eventually persuaded to, informally, provide the defendant with lesser personal loans.

27)   Plaintiff John Voloshin agreed to loan, and the defendant agreed to repay to Mr. Voloshin the sum of Two Hundred and Eighty-Five Thousand Dollars ($285,000).

28)   Although he promised to repay the loans, the defendant has repaid only One Hundred Forty-Six Thousand Six Hundred and Twenty-Five Dollars ($146,625).

29)   The defendant has failed and refused to pay the remaining balance.

30)   The defendant's breach of his agreement with Plaintiff, John Voloshin has caused the loss of both principal and interest.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs demand judgment against Defendant **JOEL S. GREENE** as follows:

1. Money damages;

2. Punitive damages;

3. Interest and expenses;

4. Reasonable attorneys' fees;

5. Declaratory relief establishing that the plaintiffs are not in partnership with the defendant and that the defendant is not a member, manager, or otherwise a stakeholder in Voloshin Capital, MP Holdings, or Mohegan Hill; and

6. Such other relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the plaintiffs demand a trial by jury.

Dated in Hartford, Connecticut, this 19th day of June, 2006.

                                                **PLAINTIFF,**
                                                **JOHN H. VOLOSHIN**

                                                BY: _____
                                                Kerry R. Callahan, Esq.
                                                Federal Bar Number ct06569
                                                krcallahan@uks.com
                                                Stephen R. Klaffky, Esq.
                                                Federal Bar Number ct27037
                                                sklaffky@uks.com
                                                UPDIKE, KELLY & SPELLACY, P.C.
                                                One State Street, PO Box 231277
                                                Hartford, CT  06123